The opinion of the Court was delivered by
Inglis, J.
The difficulty, so familiar to bench and bar, of giving a satisfactory construction to wills and marriage settlements, is a mortifying illustration of the insufficiency of human forethought to anticipate the varying circumstances *390 of life, or of human language adequately to express the purposes by which the exigencies of its changing phases are to be met. The Chancellor, who heard this cause below, seems to have felt that the effort of Hannah Douglass, before her contemplated intermarriage with J. T. McAfee should put her lately descended patrimony beyond her own control, wisely to distribute it among the objects of her affection, has not escaped this infirmity. With this feeling we cannot fail to sympathize. It seems scarcely possible to adopt any interpretation of the instrument which embodies this effort, which shall, at the same time, give literal effect to all its terms, and fulfil the ends which alone it can be reasonably considered to have'proposed. The first aim certainly was to divide the beneficial enjoyment of the property at once in equal shares between the family of young children which she already had as the fruit of her former .marriage, and the husband who, in her hopes, was about to become the stock of a new issue. It seems equally clear that while, as to the moiety which was left to the new husband, his beneficial use and enjoyment of the same, so long as his possession was authorized to continue, was not to be in anywise restricted or controlled ; yet the prospective issue of her union with him were not left dependent upon, his mere pleasure for their succession at the termination of this possession, but were direct objects of her care and bounty.
The particular question which it is necessary now to decide is, what portion of the property embraced in the terms of the contract exhibited with the bill, Eli C. Douglass, the eldest of the three children of the first marriage, having attained his majority, is now entitled to demand and have from his stepfather, J. T. McAfee. In determining this question, the Chancellor has found it requisite to give a judicial exposition of the whole instrument so far as to ascertain the extent.of the interest taken by all the parties under it, and the time of enjoyment of their several shares. The appeal on each side *391 disputes tbe correctness of his exposition. That Eli C. Douglass is now entitled to be let into the possession and enjoyment in severalty of the one-third part of the first •moiety, and that each of his brothers of the whole blood, upon attaining majority, will be entitled to a like part, is not questioned. The contest is as to the second moiety. The whole scheme of the contract as to this moiety requires that the possession and enjoyment thereof by the husband and father, J. T. McAfee, shall not be disturbed during his life. His death is certainly the event which is finally to ascertain its destination. If there shall be no issue of the second marriage then surviving, this whole moiety is thereupon to descend to the children of the first marriage. Yet it is not less clear that the death of the mother, Hannah, is, .by the express terms of the contract, to have some effect upon the rights of the children. The form of expression does seem to import that a division in fact is then to be made. This is so wholly inconsistent with the manifest purpose, as to J. T. McAfee’s interest, that the mind cannot assent to it as the true interpretation.' The only other effect which can be given to this part of the instrument is to regard it as fixing the period which ascertains the persons to share in the enjoyment of this second moiety when J. T. McAfee’s interest shall have been determined by his death. It will result, that there having been at that period two children of the second marriage surviving, each of these has now an estate in an undivided share in this second moiety, eq ual in value to the share which each of the children of the first marriage now takes in the first moiety, and each of the five (5) children has now an estate further in one undivided fifth part of the residue of this second moiety, after those two shares shall be satisfied; all these estates in the second moiety are postponed in enjo}rment until the death of J. T. McAfee, and the estates of the two children of the second marriage are liable to be defeated by the deaths of both before the period thus fixed for enjoy *392 ment, leaving no issue of either then surviving, and then in that event to go over to the children of the first marriage. This Court is thus led to the same conclusions which the Circuit Chancellor attained and ha's embodied in his decree; and our purpose herein has been rather to state our concurrence in these conclusions than to add any thing to the reasoning and authorities by which he has vindicated them.
It is ordered that the circuit decree be affirmed, and the appeals be dismissed.
Dunicin, C. J., and Wardlav, J., concurred.

Decree affirmed.